**FILED**

February 15, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ E. Padilla _____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| DAVID VALDEZ, individually  §<br>§<br>**Plaintiff,**  §<br>§<br>v.  §<br>§<br>LASALLE CORRECTIONS V, LLC, a  §<br>Limited Liability Company  §<br>§<br>**Defendant.**  §<br>§ | **CIVIL ACTION NO.:**<br>**EP:24-CV-00051-KC**<br><br>**JURY TRIAL DEMANDED**<br><br>**EXEMPT FROM FILING FEES**<br>**UNDER 38 U.S.C. § 4323(h)(1)** |

## COMPLAINT AND JURY DEMAND

Plaintiff David Valdez ("Mr. Valdez"), by and through his undersigned counsel, alleges:

## NATURE OF THIS ACTION

1.      This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §4301-4335 ("USERRA"). It is brought by Mr. Valdez against Defendant, LaSalle Corrections V, LLC. ("LaSalle").

2.      Pursuant to 38 U.S.C. §4323(h)(1), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]".

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over the subject matter of this civil action founded upon federal question jurisdiction, 28 U.S.C. §1331, as conferred by actions arising under USERRA, 38 U.S.C. §4323(b)(1).

1

4. Venue is proper in this judicial district under 38 U.S.C. §4323(c)(2) because Defendant LaSalle maintains a place of business in this judicial district and is considered a "private employer" for the purposes of 38 U.S.C. §4303(4)(A).

## PARTIES

5. Plaintiff Mr. Valdez currently resides in El Paso County, Texas.

6. Defendant LaSalle is a private, for-profit limited liability company operating a place of business within this court's judicial district. LaSalle was and is an "employer" for the purposes of 38 U.S.C. §4303(4)(A) and is subject to suit under USERRA §4323(a).

7. Mr. Valdez was at all pertinent times alleged herein employed by Defendant LaSalle and also served as a Specialist (E-4) in the United States Army Reserve ("USAR"). Plaintiff is a qualified employee and member of the uniformed services for purposes of 38 U.S.C. §4303(3), (9), and (16).

8. Whenever and wherever reference is made to individuals who are not named as defendants in this action, but were employees/agents of defendant, or any of them herein, such individuals at all times acted on behalf of the defendants named in this action within the scope of their respective employments and agencies.

9. Whenever and wherever reference is made in this Complaint to any conduct of defendants, or any of them, such allegations or references shall also be deemed to mean the conduct of each defendant, acting individually, jointly and severally.

10. Plaintiff is informed and believes, and on the basis of that information and belief, alleges that all times mentioned in this Complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this Complaint were acting within the course and scope of that agency and employment.

2

## GENERAL ALLEGATIONS

11.    Mr. Valdez realleges and incorporates herein by reference each and every allegation contained within paragraphs 1 through 10, inclusive, as though set forth at length herein and made a part hereof.

12.    Mr. Valdez has been employed by LaSalle at its West Texas Detention Center in Sierra Blanca, Texas since September of 2008. In September of 2019, he was promoted to the position of Assistant Warden. In this position, Mr. Valdez was responsible for directly supervising and managing eleven staff functions: Property, Recreation, Law Library, Case Manager, Food Service Manager, Risk Manager, Sanitation, Mail Room, the Administrative Clerk, Legal Services, and Laundry). His supervisor in this position was the Warden of the West Texas Detention Center, Mr. Ismael Arellano ("Warden Arellano"). LaSalle also referred to Mr. Valdez's position as the "Duty Warden of Programs."

13.    As the Assistant Warden, Mr. Valdez had a peer Assistant Warden, Mr. Hector Portillo, who was responsible for the Armory, Training, and oversaw the facility's correctional officers. LaSalle also referred to Mr. Portillo's position as the "Duty Warden of Operations."

14.    As a Specialist in the USAR, Mr. Valdez was required to perform regular military service obligations, also known as "drill weekend" or "battle assembly." These drills would generally occur over two-to-four days each month, depending on the unit's training schedule and requirements. Mr. Valdez was also required to conduct an "annual training" period of approximately two weeks every year; however, he was subject to additional lengths of military service such as extended annual training, military schools, or mobilizations and deployments, as well.

15. On May 20, 2023, Mr. Valdez reported to a USAR "battle assembly" at his unit in El Paso, Texas. Mr. Valdez gave LaSalle timely notice of his military service obligations. His battle assembly lasted through the weekend, until May 21, 2023.

16. While Mr. Valdez was attending USAR training, another LaSalle employee, Mr. Javier Ruvalcaba, who was employed by LaSalle in a Water Plant Operations position, emailed his resignation with immediate effect to Warden Arellano on May 21, 2023. Mr. Ruvalcaba directly reported to Warden Arellano, and typically worked Monday through Friday during the week.

17. Upon information and belief, Mr. Ruvalcaba had previously provided his two-week resignation notice to Warden Arellano before the May 21st email informing of his formal resignation was sent.

18. Upon Mr. Valdez's return to work at LaSalle following his May USAR battle assembly, Warden Arellano accused Mr. Valdez of having prior knowledge of Mr. Ruvalcaba's plan to resign, and advised that he would be disciplined and demoted for failing to alert Warden Arellano of Mr. Ruvalcaba's resignation. Mr. Valdez denies having knowledge of Mr. Ruvalcaba's intention of immediately resigning on May 21st.

19. On June 7, 2023, LaSalle Regional Warden, Mr. James McCormick ("Regional Warden McCormick") completed a LaSalle "Reprimand Form" accusing Mr. Valdez of two violations: No. 8 for "Gross Negligence," and No. 10 for "Substandard Performance." The narrative description of the reason for discipline stated:

> "Assistant Warden Valdez had more than one discussion that led to an employee resigning. Them [sic] employee who resigned was in a critical position, lack of notification placed a Detention Progran [sic] in jeapordy [sic] due to know [sic] historical issues involving water shortages. The employee assisted the employee in shutting IT systems access down and submitting a resignation without notifying his or any other manager."

4

20.     The discipline LaSalle imposed upon Mr. Valdez for his alleged misconduct was "Demotion to Program Manager" effective June 12, 2023. Mr. McCormick's justification for the disciplinary action was "Mr. Valdez has exhibited a continuous pattern of failure to inform or communicate critical information to the Senior Warden."

21.     The demotion to Program Manager resulted in a reduction in Mr. Valdez's hourly earnings at LaSalle, and reduced his responsibilities from managing eleven programs, down to two: inmate Grievance Coordinator, and the Inmate Program. Additionally, Mr. Valdez's former peer, Mr. Hector Portillo, absorbed Mr. Valdez's former responsibilities, and became his director supervisor.

22.     On June 16, 2023, Mr. Valdez prepared a written appeal of his reprimand and demotion wherein he brought to light several inaccuracies and misrepresentations alleged against him by Regional Warden Arellano. Additionally, Mr. Valdez specifically mentioned that during the time he was alleged to have failed to communicate with the Warden, he was performing "military service duty and was under obligation to the Army."

23.     LaSalle Director of Operations, Mr. Jay Eason delivered a written finding on Mr. Valdez's appeal on July 3, 2023.  In the correspondence, Mr. Eason stated:

> "After careful review and consideration, it's my finding there's a preponderance of evidence to support the guilty findings and the punishment assessed... [y]ou were basically disciplined for not communicating with your warden."

24.     Mr. Valdez then prepared a second written appeal to Defendant's employee, Mr. Rodney Cooper, the Executive Director of LaSalle Corrections on July 19, 2023. In the appeal, Mr. Valdez explains that he was performing military service with the USAR during the time his alleged "failure to communicate" occurred:

"In my Step One Appeal, I explicitly stated my presence on military orders during the weekend of the 21st, which is not cited as the reason for my failure to communicate... it is my sincere belief that I am being disciplined and demoted based on an incident that occurred while I was fulfilling my military duty... [f]or your review, I have attached my military drill schedule as supporting documentation."

25. Mr. Valdez did not receive a response from LaSalle Executive Director, Mr. Cooper. Accordingly, the discipline levied against Mr. Valdez was not lifted, and he remains employed by LaSalle in the demoted position of Program Manager.

## VIOLATIONS OF 38 U.S.C. §4301 *et seq.*

26. Mr. Valdez incorporates by reference the allegations contained in Paragraphs 1 through 25 as if fully restated herein.

27. USERRA prohibits "discrimination against persons because of their service in the uniformed services." 33 U.S.C. §4301(a)(3).

28. Section 4311(a) of USERRA states in relevant part, that a person "who is a member of... performs, has performed... or has an obligation to perform service in a uniformed service shall not be denied... retention in employment... or any benefit of employment by an employer on the basis of that membership... performance of service, or obligation."

29. Section 4311 (b) of USERRA states, in relevant part, that an employer "may not... take any adverse action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter... or (4) has exercised a right provided for in this Chapter."

30. Section 4311(c) provides, in relevant part, that "[an] employer shall be considered to have engaged in actions prohibited (1)... if the person's membership... or obligation for service in the uniformed services is a motivating factor in the employer's action...; or (2)... if the person's

(A) action to enforce a protection afforded… under this chapter… or (D) exercise of a right provided for in this chapter, is a motivating fact in the employer's action."

31.    A "benefit of employment" is defined as:

The term 'benefit', 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, include any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations and the opportunity to select work hours or location of employment.

38 U.S.C. §4303(2).

32.    USERRA's definition of "service in the uniformed services" covers all categories of military training and service, including duty performed on a *voluntary* or *involuntary* basis, in time of peace or war. 38 U.S.C. §4312(e)(1)(A)(i); 20 C.F.R. §1002.115. (italics added).

33.    Mr. Valdez's protected status as a member of the USAR was a substantial or motivating factor in Defendant demoting Mr. Valdez from his position as Assistant Warden at the West Texas Detention Center for LaSalle. Mr. Valdez was disciplined and demoted to the position of Program Manager due to not communicating with Warden Arellano while he was performing military service. Moreover, LaSalle knowingly sustained the demotion despite Mr. Valdez's appeal in which he expressly communicated that at the time of the alleged misconduct, he was performing protected military service, and not required to communicate with Warden Arellano about LaSalle business.

34.    As a direct and proximate result of the conduct of Defendant as set forth in this count, Mr. Valdez has suffered injuries and damages, including, but not limited to, loss of past earnings and benefits, and loss of future earnings and benefits, all amounts to be proven at trial.

7

35.     Plaintiff alleges that Defendant had knowledge of Plaintiff's USERRA protections, and that Defendant's violations of USERRA were willful and requests liquidated damages in an amount equal to the amount of his lost wages and other benefits pursuant to 38 U.S.C. §4323(d)(1)(C).

36.     Pursuant to 38 U.S.C. §4323(h)(2), Plaintiff further requests an award of reasonable attorney's fees, expert witness fees, and litigation expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, based upon the foregoing, Plaintiff prays for the following relief against Defendant:

1.     Declaration that Defendant's actions and practices complained of herein are unlawful and in violation of USERRA, 38 U.S.C. §4301, *et seq.*;

2.     Require that Defendant fully comply with the provisions of USERRA by providing Plaintiff all employment benefits denied to him as a result of the unlawful acts and practices as complained herein.

3.     Fees and expenses, including attorneys' fees pursuant to 38 U.S.C. §4323(h)(2);

4.     Award Plaintiff prejudgment interest on the amount of lost wages and employment benefits found due;

5.     Order that Defendant pays compensatory and/or liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered by reason of Defendant's willful violation of USERRA;

6.     Grant an award for costs of suit incurred; and

7.     Grant such other further relief as may be just and proper, and which Plaintiff may be entitled to under all applicable laws.

Dated:  February 9, 2024

/s/ Brian J. Lawler
Brian J. Lawler, Esq. (*pro hac vice* pending)
CA SBN: 221488
PILOT LAW, P.C.
4632 Mt. Gaywas Dr.
San Diego, CA  92117
Telephone: (866) 512-2465
blawler@pilotlawcorp.com
Attorney for Plaintiff

/s/ Kevin Wilson
Kevin Wilson, Esq. (*pro hac vice* pending)
KBA No: 96888
KEVIN WILSON LAW PLLC
3110 Horton Avenue
Louisville, KY 40220
Telephone: (502) 276-5050
kevin@klwilsonlaw.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues triable as of right by a jury in this Complaint

pursuant to Federal Rule of Civil Procedure 38(b).

Dated:  February 9, 2024

/s/ Brian J. Lawler
Brian J. Lawler, Esq.  (*pro hac vice* pending)
CA SBN: 221488
PILOT LAW, P.C.
4632 Mt. Gaywas Dr.
San Diego, CA  92117
Telephone: (866) 512-2465
blawler@pilotlawcorp.com
Attorney for Plaintiff

/s/ Kevin Wilson
Kevin Wilson, Esq. (*pro hac vice* pending)
KBA No: 96888
KEVIN WILSON LAW PLLC
3110 Horton Avenue
Louisville, KY 40220
Telephone: (502) 354-3330
kevin@klwilsonlaw.com
Attorney for Plaintiff