**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **DAVID VALDEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-24-CV-51-KC** |
| | § | |
| **LASALLE CORRECTIONS V, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

On this day, the Court considered Plaintiff David Valdez's Motion for Waiver of Filing Fee Pursuant to 38 U.S.C. § 4323(h)(1) ("Motion"), ECF No. 5. Valdez filed his Complaint, ECF No. 1, on February 15, 2024, asserting claims against LaSalle for violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301–35. Compl. ¶¶ 26–36. Valdez, who is a member of the United States Army Reserve and an employee of Defendant LaSalle Corrections V, LLC ("LaSalle"), alleges that he was demoted by LaSalle because Valdez did not communicate with LaSalle while he was performing military service. Compl. ¶¶ 14–20, 33. Valdez now moves the Court to "waive the filing fee associated with his Complaint in this action" pursuant to § 4323(h)(1). Mot. 1.

Section 4323(h)(1) states that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter." 38 U.S.C. § 4323(h)(1). Because "Congress enacted USERRA in order to 'prohibit discrimination against persons because of their service in the uniformed services,'" courts "construe USERRA liberally in favor of [uniformed services members] seeking its protections." *See Davis v. Advocate Health Ctr. Patient Care Exp.*, 523 F.3d 681, 683–84 (7th Cir. 2008) (first quoting *Bowlds v. Gen. Motors Mfg. Div. of the Gen.*

*Motors Corp.*, 411 F.3d 808, 810 (7th Cir. 2005); and then citing *McGuire v. United Parcel Serv.*, 152 F.3d 673, 676 (7th Cir. 1998)); 38 U.S.C. § 4301(a); *see also Rogers v. City of San Antonio*, 392 F.3d 758, 762–64 (5th Cir. 2004) (providing overview of USERRA); *Sykes v. Columbus & Greenville Ry.*, 117 F.3d 287, 294 (5th Cir. 1997) (liberally construing USERRA predecessor statute).  Accordingly, "[i]n the seminal USERRA filing fee case, the Seventh Circuit construed [§ 4323(h)(1)'s] language to exempt a plaintiff from the necessity of paying a filing fee." *Seeton v. Thermadyne Holdings Corp.*, No. 09-cv-147, 2009 WL 1025323, at \*1 (E.D. Tex. Apr. 15, 2009) (citing *Davis*, 523 F.3d at 685).  That court reasoned that "[i]n light of the plain language of 38 U.S.C § 4323(h)(1) and Congress's intent, in USERRA and elsewhere, to lessen the cost of litigation for [uniformed services members]," § 4323(h)(1) allows "a USERRA litigant to initiate suit without prepaying the filing fee." *Davis*, 523 F.3d at 685.

The Fifth Circuit has yet to consider whether USERRA permits a litigant to file suit without prepaying filing fees.  *See Agee v. City of Tchula*, No. 23-cv-62, 2023 WL 438779, at \*1 (S.D. Miss. Jan. 26, 2023) (stating that the "question is one of first impression in this Circuit"). But several district courts in this Circuit and others have and have agreed with the Seventh Circuit that USERRA litigants may initiate suit without prepaying the filing fee.  *See, e.g.*, *id.*; *Seeton*, 2009 WL 1025323, at \*1; *Jimenez v. Holbrook Plastic Pipe Supply, Inc.*, No. 21-cv-2472, 2021 WL 2291022, at \*1–2 (E.D.N.Y. May 18, 2021); *Sherman v. Atria Senior Living, Inc.*, No. 20-cv-2460, 2020 WL 7392776, at \*1 (E.D. Cal. Dec. 16, 2020); *Vonville v. New Century Air Serv., Inc.*, No. 16-cv-2621, 2016 WL 4919804, at \*1–2 (D. Kan. Sept. 15, 2016). The Court finds these cases persuasive.

Thus, because Valdez has plausibly alleged that he was a member of the uniformed services when he was demoted, and that his performing military service "was a substantial or

motivating factor" in his demotion, Compl. ¶¶ 12–15, 32–33, Valdez's Motion for Waiver of

Filing Fee, ECF No. 5, is **GRANTED**.  Valdez may proceed without payment of the filing fee.

**SO ORDERED.**

SIGNED this 22nd day of February, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE