IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **DAVID VALDEZ,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | **Civil Action No.  EP:24-cv-00051-KC** |
| **v.** | § | |
| | § | |
| **LASALLE CORRECTIONS V, LLC,** | § | **EXEMPT FROM FILING FEES** |
| *Defendant* | § | **UNDER 38 U.S.C. § 4323(b)(1)** |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

**DEFENDANT LASALLE CORRECTIONS V, LLC** ("Defendant" or "LaSalle"), by and through its counsel of record, respectfully submits its Original Answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand (Doc. 1) (the "Complaint") in the above-styled case and would show the Court as follows:

## NATURE OF THIS ACTION[1]

1.      Regarding Paragraph 1, Defendant admits Plaintiff referenced an action under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §4301-4335 ("USERRA").  However, all the statutes are not applicable to the instant matter.  Defendant vehemently denies any violation of USERRA occurred. Defendant admits Plaintiff has alleged that his action is against Defendant LaSalle under USERRA.

2.      Paragraph 2 contains a conclusion of law to which no response is necessary.

---

[1] The headings are from Plaintiff's Complaint and Jury Demand (Doc. 1) and are included for the Court's convenience.

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**                    **Page 1**

**JURISDICTION AND VENUE**

3.      Regarding Paragraph 3, Defendant admits the Court has jurisdiction of claims pertaining to USERRA.  Defendant also admits USERRA provides federal question jurisdiction under 28 U.S.C. § 1331. However, Defendant vehemently denies it violated USERRA.

4.      Regarding Paragraph 4, Defendant admits venue is proper under 38 U.S.C. §4323(c)(2).  Defendant admits it is an "employer" under 38 U.S.C. § 4304(4)(A) and that it maintains a place of business in the judicial district. The word "private" does not appear in the statute under this provision.  However, Defendant vehemently denies it violated USERRA.

**PARTIES**

5.      Regarding Paragraph 5, Defendant is without sufficient knowledge, information, and/or belief to either admit or deny Plaintiff's current residence; therefore, allegations contained within Paragraph 5 of Plaintiff's Complaint are denied.

6.      Defendant admits Paragraph 6 but vehemently denies it violated USERRA.

7.      Regarding Paragraph 7, Defendant admits it employed Plaintiff Valdez starting in April 2017 and during the time period at issue. Defendant admits it has knowledge that Plaintiff is in the United States Army Reserve ("USAR"); however, it is without sufficient knowledge, information, and/or belief to either admit or deny whether Plaintiff served as a Specialist (E-4). Regarding the remainder of Paragraph 7, whether Plaintiff is a "qualified employee" is a legal conclusion that does not require a response. *See* 38 U.S.C. § 4303(9).  Plaintiff cites to 38 U.S.C. §4304(3),(9), and (16); however, §4304(9) and (16) do not exist.  Plaintiff also cites to 38 U.S.C. § 4304(3), which is considered a provision disqualified for asserting USERRA rights.

8.      Paragraph 8 does not state any facts to admit nor deny. To the extent a response is required, Defendant is not liable for the alleged unlawful acts and/or omissions by its supervisors

**DEFENDANT LASALLE CORRECTIONS V, LLC'S**
**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**                                      **Page 2**

and/or managers, nor its employees or other persons identified or not identified.  Defendant is not liable for any individuals who acted outside the course and scope of their employments or other relationships to Defendant, if any. Defendant also notes only one defendant is named in the lawsuit, not multiple defendants as implied by Plaintiff's use of the plural form of the word.  Defendant LaSalle denies in its entirety Paragraph 8.

9.      Paragraph 9 does not state any facts to admit nor deny.  To the extent a response is required,  Defendant notes there is one defendant named in the lawsuit and not multiple defendants. Plaintiff used the plural form of the word.  Defendant denies there is a joint-employer relationship that exists between it and its agents. No other defendant has been identified as a potential joint-employer. Defendant is not liable for the alleged unlawful acts and/or omissions by its supervisors and/or managers, nor its employees, agents or other persons identified or not identified.  Defendant is not liable for any individuals who acted outside the course and scope of their employments or other relationships to Defendant.  Defendant LaSalle denies in its entirety Paragraph 9.

10.      Paragraph 10 does not state any facts to admit nor deny.  To the extent a response is required,  Defendant  notes there is one defendant named in the lawsuit and not multiple defendants; Plaintiff used the plural form of the word.  Defendant denies there is a joint-employer relationship that exists between it and its agents. Plaintiff's statements in Paragraph 10 are unclear to Defendant.  Defendant LaSalle denies in its entirety Paragraph 10.

### GENERAL ALLEGATIONS

11.      Regarding Paragraph 11, no response is required.  To the extent a response is required, Defendant denies the allegations.

12.      Regarding Paragraph 12, Defendant denies it has employed Plaintiff since September 2008.  Defendant assumed the operations of the West Texas Detention Center in Sierra

Blanca, Texas in April 2017.    Plaintiff's date of hire with Defendant LaSalle was April 1, 2017, where he  was employed as the Fire & Safety Officer.  Defendant admits Plaintiff was promoted in September 2019, but specifically Plaintiff was promoted to the Assistant Warden-Program.  At the time of the promotion, his supervisor was Warden Mike Sheppard. Relevant to the *Complaint*, Mr. Ismael Arellano ("Arellano") was the Warden.  As the Assistant Warden of Programs, Plaintiff was assigned to various auxiliary programs including but not limited to Risk Management, Recreation, Classification, Legal Services, Foods Services and Law Library. Over the course of time, Plaintiff supervised other auxiliary programs.  Defendant is without sufficient knowledge, information, and/or belief to either admit or deny whether Plaintiff was referred to as the "Duty Warden of Programs."   Thus, this allegation is denied.  At the facility, "Duty Warden" is a collateral duty assigned to designated management/supervisory staff and serves as the off-site and after hours contact on a rotational basis. Consequently, Plaintiff was not the only individual who served as the "Duty Warden". All allegations not admitted in Paragraph 12 are denied.

13.    Regarding Paragraph 13, Defendant denies the paragraph as written.  When Plaintiff was the Assistant Warden-Programs, Hector Portillo ("Portillo") was not the Assistant-Warden of Operations.  Portillo was hired to be the Assistant Warden of Operations on March 20, 2023. Portillo's responsibilities include but are not limited to Chief of Security, Security, Operations and Custody.  Defendant is without sufficient knowledge, information, and/or belief to either admit or deny whether Plaintiff was referred to as the "Duty Warden of Operations." Consequently, this allegation is denied.  At the facility, "Duty Warden" is a collateral duty assigned to designated management/supervisory staff and serves as the off-site and after hours contact or a rotational basis. Consequently, Plaintiff was not the only individual who served as the "Duty Warden". All allegations not admitted are herein denied.

**DEFENDANT LASALLE CORRECTIONS V, LLC'S**
**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**                                              **Page 4**

14.     Regarding Paragraph 14, Defendant admits based on information and belief Plaintiff was required to perform military service as a member of the USAR. Defendant is without sufficient knowledge, information, and/or belief to either admit or deny the remainder of Paragraph 14. Any allegations not admitted are herein denied.

15.     Defendant lacks sufficient knowledge, information, and/or belief to either admit or deny the date Plaintiff reported to USAR "battle assembly". Defendant was aware Plaintiff's USAR duty was scheduled from May 20, 2023 to May 21, 2023. All allegations not admitted in response to Paragraph 15 are denied.

16.     Regarding Paragraph 16, Defendant denies this paragraph as written. Defendant admits it received a resignation from Javier Ruvalcaba ("Ruvalcaba") on May 21, 2023. However, Plaintiff informed Defendant he returned home from USAR duty on May 21, 2023 at 7:00 p.m. The email from Ruvalcaba was received by Defendant after the time Plaintiff returned home, which makes Plaintiff's Paragraph 16 a misstatement. Consequently, except for the statements above, Defendant LaSalle denies Paragraph 16.

17.     Regarding Paragraph 17, Defendant denies this paragraph as written. Ruvalcaba submitted a resignation prior to May 21, 2023. However, after Ruvalcaba submitted his initial resignation, Ruvalcaba rescinded the resignation.

18.     Regarding Paragraph 18, Defendant denies the paragraph in its entirety.

19.     Regarding Paragraph 19, Defendant admits James McCormick ("McCormick) served as the Regional Warden and completed a Reprimand Form. Defendant further admits the Reprimand Form listed two violations: No. 8, Gross Negligence; No. 10; Substandard Duty Performance. The document referenced speaks for itself and is the best evidence for what it states.

20.     Regarding Paragraph 20, Defendant admits Plaintiff was demoted to Program Manager effective June 12, 2023.   Defendant also admits McCormick wrote the statement on the Reprimand Form. Further, the document speaks for itself and is the best evidence for what it states.

21.     Regarding Paragraph 21, Defendant admits the position of Program Manager has a different, lower hourly earnings and less responsibilities than his previous position of Assistant Warden – Programs.   Defendant admits Portillo absorbed Valdez' former responsibilities but Defendant did not replace Valdez with Portillo.  Defendant admits Valdez as Program Manager reported to Portillo, the sole Assistant Warden for the facility.

22.     Regarding Paragraph 22, Defendant received an appeal dated June 16, 2023 from Plaintiff Valdez but Defendant is without sufficient knowledge, information, and/or belief to either admit or deny when Plaintiff Valdez prepared the appeal. Regarding the remainder of Paragraph 22, the document is the best source of the contents of Plaintiff Valdez's appeal.  Furthermore, Plaintiff Valdez admitted he met with Ruvalcaba on May 21, 2023.

23.     Regarding Paragraph 23,  Defendant admits Jay Eason ("Eason") is the Director of Operations.   Eason prepared a response to Plaintiff's grievance regarding the demotion in a letter dated July 3, 2023. The remainder of the paragraph is misleading because it is intended to associate the demotion with Plaintiff's attending drill. He contents of the letter speaks for itself and is the best evidence of what was stated.  Eason addressed Plaintiff's appeal dated June 16, 2023, regarding Plaintiff's demotion and also Plaintiff's March 15, 2023 Complaint (grievance), made prior to Plaintiff's time to attend drill in May 2023.

24.     Regarding Paragraph 24, Defendant is not able to admit or deny the allegations in this paragraph. Defendant is investigating this allegation.  Subject to the foregoing, Defendant

denies the allegations as presented until further investigation provides information needed . The document, of course, speaks for itself regarding the statements contained therein.

25.    Regarding Paragraph 25, Defendant is not able to admit or deny the allegations in this paragraph. Defendant is investigating this allegation. Plaintiff's employment with Defendant LaSalle continues.

## VIOLATIONS OF 38 U.S.C. §4301 *et seq.*

26.    Regarding Paragraph 26, no response is required. To the extent a response is required, Defendant denies this paragraph and/or incorporates its responses in the preceding paragraphs 1-25

27.    Regarding Paragraph 27, no response is required because this is a legal conclusion or a quote/paraphrase of a portion of a statute. To the extent a response is required, Defendant admits the language in the paragraph is part of the statue, but denies Defendant violated USERRA.

28.    Regarding Paragraph 28, no response is required because this is a legal conclusion or a quote/paraphrase of a portion of a statute. To the extent a response is required, Defendant admits the language in the paragraph is part of the statute, but denies Defendant violated USERRA.

29.    Regarding Paragraph 29, no response is required because this is a legal conclusion pr a quote/paraphrase of a portion of a statute.  To the extent a response is required, Defendant notes the quote is missing a word.  Subject to the foregoing, Defendant admits the language in the paragraph is part of the statute but denies Defendant violated USERRA.

30.    Regarding Paragraph 30, no response is required because this is a legal conclusion or a quote/paraphrase of a portion of a statute. To the extent a response is required, Defendant admits the language in the paragraph is part of a statute, but denies Defendant violated USERRA.

31.     Regarding Paragraph 31, no response is required because this is a legal conclusion or a quote/paraphrase of a portion of a statute. To the extent a response is required, Defendant admits the language in the paragraph is part of a statute, but denies Defendant violated USERRA.

32.     Regarding Paragraph 32, no response is required because this is a legal conclusion or a quote/paraphrase of a portion of a statute.  To the extent a response is required, the definition of "service in the uniformed services" has been defined at 38 U.S.C. § 4304 (13) and the regulations cover the types of services covered by USERRA at 20 C.F.R. § 1002.6.

33.     Regarding Paragraph 33, Defendant denies this Paragraph in its entirety as written. Defendant vehemently denies Plaintiff's USAR status was a factor in its decision to demote Plaintiff.

34.     Regarding Paragraph 34, Defendant denies this Paragraph in its entirety.

35.     Regarding Paragraph 35, Defendant denies this Paragraph as written.  Defendant did not take any action because of Plaintiff's protected status.

36.     Regarding Paragraph 36, Defendant denies Plaintiff should be awarded any damages, fees, or expenses as requested.  Defendant denies this Paragraph in its entirety.

## PRAYER FOR RELIEF

Regarding Paragraphs 1 – 7, Defendant denies each Paragraph in its entirety. Plaintiff is not entitled nor should be afforded the relief sought in Paragraphs 1-7.

## DEMAND FOR JURY TRIAL

Defendant admits Plaintiff has made a jury demand.

## OTHER MATTERS

Defendant LaSalle's specific affirmative defenses to Plaintiff's Complaint include the following:

1.      Plaintiff's Complaint, in its entirety, and any purported cause action set forth therein, fails to state a claim upon which relief can be granted.

2.      Plaintiff was reemployed pursuant to 38 U.S.C. § 4313(a)(1)(A),(B).

3.      All actions of Defendant were taken in good faith, for legitimate, non-discriminatory, non-retaliatory reason(s), and in compliance with all provisions of applicable law.

4.      All employment decisions relating to Plaintiff were made regardless of his military reserve status.

5.      Alternatively, the escalator principle applies to Plaintiff's demotion. *See* 20 C.F.R. §§ 1002.191-194.  The escalator principle may cause an employee to be reemployed in a lower position.  *See* 20 C.F.R. § 1002.194.  The USERRA does not put the Plaintiff in a better position than if he remained in the civilian employment position.

6.      Plaintiff cannot carry his burden that his military/uniformed service was a factor in Defendant's action. *See* 20 C.F.R. § 1002.22.

7.      Defendant was in the process of addressing Plaintiff's ineffective performance prior to him taking miliary leave.

8.      Defendant is not liable for the alleged unlawful acts and/or omissions by its supervisors and/or managers, employees, agents or any others to the extent those individuals acted outside the course and scope of their employments or any other relationship to Defendant LaSalle.

9.      Defendant is entitled to the benefit and protection of the "business-judgment defense."

10.      Plaintiff's conduct caused, in whole or in part, whatever damages he may have suffered, if any.

11.     Defendant denies any allegations of intentional and knowing conduct and other conduct which may form the legal basis for entitlement to liquidated damages.

12.     Defendant reserves the right to amend its Answer and assert additional defenses (and/or clarify asserted defenses) based on discovery obtained.

## PRAYER

WHEREFORE, Defendant prays that Plaintiff's Complaint be fully and finally dismissed with prejudice, at Plaintiff's cost, and that the Court grant Defendant LaSalle Corrections V, LLC such other and further relief as is just and equitable, including but not limited to an award of attorneys' fees and costs incurred in the defense of this action.

Respectfully submitted,

**KAUFMAN DOLOWICH, LLP**

*/s/ Janice S. Parker*

Janice S. Parker
State Bar No. 15488050
janice.parker@kaufmandolowich.com
14643 Dallas Parkway, Suite 550
Dallas, Texas 75254
Telephone: (972) 781-2400
Facsimile: (972) 781-2401

**ATTORNEY FOR DEFENDANT
LASALLE CORRECTIONS V, LLC**

## CERTIFICATE OF SERVICE

The undersigned certified that on this, the **22nd** day of **April, 2024**, a true and correct copy of *Defendant's Original Answer and Affirmative Defenses* was served upon all counsel of record via [ ] United States mail, certified, return receipt requested, [√ ] United States regular mail, [ ] facsimile, [√] e-mail, [  ] hand delivery, [] Notice of Electronic Court Filing.

Brian J. Lawler, Esq. (*pro hac vice* pending)
California State Bar No.: 221488
PILOT LAW, P.C.
4632 Mt. Gaywas Dr.
San Diego, CA 9211 7
Telephone: (866) 512-2465
blawler@pilotlawcorp.com

Kevin Wilson, Esq. (pro hac vice pending)
Kentucky State Bar No: 96888
KEVIN WILSON LAW PLLC
3 110 Horton Avenue
Louisville, KY 40220
Telephone: (502) 354-3330
kevin@klwilsonlaw.com

**Attorneys for Plaintiff**

*/s/ Janice S. Parker*
Janice S. Parker